## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL ONSLAGER,

    *Plaintiff*,

    v.

    Civil Action No. 23-3051-ABA

PARADIGM COLLECTION, LLC, *et al.*,

    *Defendants*

### MEMORANDUM

Before the Court is Plaintiff Michael Onslager's motion for default judgment against all Defendants, namely Paradigm Collection, LCC d/b/a Pace ("PACE"), Monika Elling, and Bettina Elling. ECF No. 17. Default was entered against the Defendants on June 10, 2024. ECF No. 7. Defendants have not appeared in the case or filed a response to the motion for default judgment.

When reviewing a motion for default judgment under Federal Rule of Civil Procedure 55, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish v. Leithman*, 733 F. Supp. 3d 371, 373 (D. Md. 2024) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). If default judgment is warranted, the court must then "make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* at 374 (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013)). The movant "bears the burden of establishing entitlement to recovery." *Id.*

Mr. Onslager's complaint asserts six causes of action: Counts 1 and 2 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Count 3 under the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.* ("MWHL"), Count 4 under the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL"), Count 5 for breach of contract against PACE, and Count 6 for *quantum meruit* against PACE. ECF No. 1. In his motion, he seeks entry of default judgment on all counts. ECF No. 17-2 at 3, 11-13.

In support of his motion, Mr. Onslager has provided proof of his claims through an affidavit and documentary evidence rather than testimony. *See Parrish*, 733 F. Supp. 3d at 374 (providing that a court is not required to hold a hearing on a motion for default judgment and may "rely . . . on affidavits or documentary evidence in the record to determine the appropriate sum") (quoting *Int'l Painters*, 919 F. Supp. 2d at 684). Mr. Onslager asserts that he was hired by the Defendants in June 2021 as the North American executive vice president of PACE, which was "a national importer of wine and spirits." ECF No. 17-4 ¶¶ 1-2. He contends he was promised as wages an annual salary of $160,000, repayment of business expenses, and paid time off.  *Id.* ¶¶ 4-6; *see Roley v. Nat'l Pro. Exch., Inc.*, 474 F. Supp. 3d 708, 720-21 (D. Md. 2020), *aff'd*, 860 F. App'x 264 (4th Cir. 2021) (providing that promised but unreimbursed business expenses constitute wages for purposes of the MWPCL); Md. Code Ann., Lab. & Empl. § 3-505(b) (providing that accrued leave is a wage component unless otherwise stated in a written policy and notice of the policy was given); *New v. Fam. Health Care, P.C.*, No. 8:17-CV-02379-PX, 2019 WL 2744682, at *7 (D. Md. July 1, 2019) (same). Mr. Onslager asserts that Defendants failed to pay him these wages between November 2022 and May 2023. ECF No. 17-4 ¶¶ 7-12. He further asserts that Defendants failed to pay him overtime at

any time. *Id.* ¶ 14. In a July 7, 2023 email, Defendant Monika Elling recognized that Defendants owed Plaintiff "approximately ~$65,000." ECF No. 17-6. In an August 15, 2023 letter, the Maryland Office of the Attorney General likewise "determined that [Defendants] owe [Mr. Onslager] unpaid wages of $69,275.54." ECF No. 17-7.

With his factual allegations accepted as true, as they must be on a motion for default judgment, *see Ryan*, 253 F.3d at 780, Mr. Onslager has established violations of the FLSA, MWHL, and MWPCL, as well as for breach of contract or, alternatively, *quantum meruit*.

This leaves the question of damages, as to which, as noted above, the Court must make an "independent determination." *See Int'l Painters*, 919 F. Supp. 2d at 684. According to his calculations, which the Court accepts based on the evidence provided, Defendants owe Mr. Onslager $63,336.50 in salary earned, $1,559.55 in unpaid business expenses, and $4,038.46 in paid leave that was not taken, for a total of $68,934.51. ECF No. 17-5. Despite his title as executive vice president, Mr. Onslager contends that Defendants owe him overtime as well and that Defendants have not shown by clear and convincing evidence that he is subject to the "exemption from the overtime pay requirement for persons 'employed in a bona fide executive, administrative, or professional capacity.'" *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993) (quoting 29 U.S.C. § 213(a)(1)); ECF No. 17-4 ¶¶ 13-14. Given that the exemption is a defense that has not been raised or proven in this case, the Court accepts Mr. Onslager's assessment that Defendants owe him $7,442.01 in overtime pay for 193.5 hours of work. ECF No. 17-2 at 9. Thus, the evidence supports Mr. Onslager's assessment that Defendants owe him $76,376.52 in unpaid wages.

Mr. Onslager also seeks treble damages under the MWPCL, under which, if "a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs." Md. Code Ann., Lab. & Empl. § 3-507.2(b). Alternatively, an employer who violates the FLSA "shall be liable to the employee . . . in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216. An employee cannot, however, recover double damages under the FLSA *and* treble damages under the MWPCL. *See e.g.*, *Ramirez v. 316 Charles, LLC*, No. 19-cv-03252-SAG, 2020 WL 7398807, at *9 (D. Md. Dec. 17, 2020). Particularly given Defendant Monika Elling's apparent admission that as of July 7, 2023, Defendants owed Mr. Onslager approximately $65,000 but had not paid that amount, ECF No. 17-6, an award of enhanced damages is appropriate. The Court concludes that double the wages sought by Mr. Onslager is an appropriate remedy, amounting to $152,753.04. *See Guillen v. Armour Home Improvement, Inc.*, No. 19-cv-2317-DLB, 2023 WL 3819295, at *18 (D. Md. June 5, 2023) (citing cases and providing that, in the absence of evidence of consequential damages, it is customary in this district to award double damages under the FLSA rather than treble damages under the MWPCL).

Mr. Onslager also seeks prejudgment interest on the $65,000 that Monika Elling admitted was due him in her July 7, 2023 email. "Maryland law provides for prejudgment interest in contract actions where, like here, the amount due was predetermined and due on a date certain." *Roley*, 474 F. Supp. 3d at 727. Therefore, Mr. Onslager is entitled to 6% pre-judgment interest for the period between July 7, 2023 and February 6, 2025 on the $65,000, which amounts to $6,197.24. *See id.* ("The

customary rate of prejudgment interest under Maryland law is six percent per annum."); *see also* Md. Const. Art. III, § 57 ("The Legal Rate of Interest shall be Six per cent. per annum; unless otherwise provided by the General Assembly."). Mr. Onslager is also entitled to post-judgment interest under 28 U.S.C. § 1961.

Finally, Mr. Onslager seeks reasonable attorneys' fees and costs, which are mandatory under the MWHL and FLSA. Md. Code Ann., Lab. & Empl. § 3-427(d); 29 U.S.C. § 216(b). Therefore, the Court will allow Mr. Onslager to submit a motion for such fees and costs.

## ORDER

For these reasons, the motion for default judgment (ECF No. 17) is GRANTED and Mr. Onslager is entitled to $158,950.28 in wages, enhanced damages and prejudgment interest from Defendants. He is also entitled to post-judgment interest under 28 U.S.C. § 1961. A separate order of judgment will follow.

It is further ORDERED that Plaintiff may file a motion for attorneys' fees and costs. Such motion shall be filed by **February 28, 2025.**


Date:  February 6, 2025                          _____/s/_____
                                                 Adam B. Abelson
                                                 United States District Judge